**KAUFMAN DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Andrew Richards, Esq.**
arichards@kaufmandolowich.com

January 2, 2024

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 12601

      Re:    *Gayle v. Advanced Clean-up Technologies, Inc., et al.*
              **Case No. 1:23-cv-04987-JMF**

Dear Judge Furman:

      We represent Defendant Advanced Clean-up Technologies, Inc. ("ACTI") in connection with the above-referenced matter. We write jointly with Justworks Employment Group, LLC ("Justworks") (ACTI and Justworks are collectively referred to herein as "Defendants") to respectfully request an Order staying the discovery deadlines. By the way of background, on October 6, 2023, Your Honor So Ordered the Parties' Case Management Plan and Scheduling Order. *See* ECF Docket No. 42. The Parties' Case Management Plan and Scheduling Order set forth the Parties discovery deadlines, which included, among other things, the following deadlines: (a) November 13, 2023 – deadline to serve interrogatories and requests for the production of documents; and (b) February 4, 2024 – deadline for the completion of fact discovery.

      On October 27, 2023, ACTI filed a Motion to Compel Arbitration. *See* ECF Docket No. 47. By virtue of the Court's November 2, 2023 Order, the discovery deadlines in the Case Management Plan and Scheduling Order were extended for 30 days. *See* ECF Docket No. 51. Plaintiff's current deadline to oppose ACTI's Motion to Compel Arbitration is January 12, 2024, and ACTI's deadline to reply to Plaintiff's opposition is January 19, 2024. *See* ECF Docket No. 53. The Parties next scheduled Court appearance is March 14, 2024, at 9:00 a.m.

      Given that ACTI's Motion to Compel Arbitration is currently pending before the Court, Defendants respectfully request an Order staying the discovery deadlines set forth in Case Management Plan and Scheduling Order until a decision is rendered on ACTI's Motion to Compel Arbitration. This extension is necessary because the Parties could potentially be subject to different discovery procedures if arbitration is compelled. A stay of the discovery deadlines would also conserve judicial resources, as there could be a discovery dispute if the Parties were required to engage in discovery while ACTI's Motion to Compel Arbitration is pending. This is the Parties second request for an adjournment to the discovery deadlines, and the previous request was granted. Plaintiff's counsel does not consent to a stay of discovery, as it is Plaintiff's position that

Hon. Jesse M. Furman
January 2, 2024
Page **2** of **2**

there has been significant delays to discovery, ACTI's Motion to Compel Arbitration will be denied, and discovery may be needed to address issues in ACTI's Motion to Compel Arbitration.

     We thank the Court for its consideration.

> Respectfully submitted,
> Kaufman Dolowich LLP
>
> */s/ Andrew Richards*
>
> Andrew Richards

*Application DENIED given, among other things, Defendants' delay of over two months in seeking this relief and the fact that only one Defendant is moving to compel arbitration. The Clerk of Court is directed to terminate ECF No. 54.*

*SO ORDERED.*

*/s/ Jesse M. Furman*

*January 3, 2024*